UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH CARL GUY,<br><br>          Plaintiff,<br><br>     v.<br><br>DALTON PIZZUTI,<br><br>          Defendant. | Case No. 20-cv-01936-JD<br><br>**ORDER RE TRO, RESCINDING ECF PERMISSION AND IMPLEMENTING PRE-FILE SCREENING**<br><br>Re: Dkt. No. 16 |

On June 25, 2020, pro se plaintiff Kenneth Carl Guy filed a "motion for emergency stay/T.R.O. and order to show cause" asking the Court to: (1) preserve "the Plaintiff's current living situation for 14 days;" (2) order defendant Central City Hospitality House ("Hospitality House") to show cause as to why it should not pay his living expenses; and (3) order defendants Newsmax Media, Inc. ("Newsmax") and Lyft, Inc. ("Lyft") to show cause for why they should not compensate him for lost wages. Dkt. No. 16 at 12. The motion and all of the requests are denied. In addition, Guy's electronic case filing ("ECF") privileges are rescinded pursuant to Magistrate Judge Sallie Kim's Order Striking Docket Entries 12 and 13. *See* Dkt. No. 14.

## BACKGROUND

Guy initially filed a 65-page complaint alleging obstruction of justice, wire fraud, and constitutional claims against a "polygraph examiner" and possibly a former employer, although that is not entirely clear. Dkt. No. 1. The complaint was a meandering and largely unintelligible mass of allegations about a racketeering organization that was spying on Guy and conspiring to prevent him from filing a claim against it with the Equal Employment Opportunity Commission. Dkt. No. 1 at 2. The complaint was never served, and Judge Kim dismissed it with leave to amend under 28 U.S.C. § 1915(e) for lack of subject matter jurisdiction and for failing to state a plausible

claim. Dkt. No. 11. In the event Guy amended, Judge Kim expressly directed him to "address and correct" the deficiencies in his original complaint that led the Court to conclude that it lacked subject matter jurisdiction over this case. *Id.* at 1, 3.

Rather than responding with an amended complaint, Guy filed within two days of Judge Kim's order a 194-page motion "to show cause" and for discovery, and a separate "notice of filing" about purported new evidence. Dkt. Nos. 12, 13. Judge Kim struck these entries from the docket, and cautioned that "if [Guy] continues to file documents other than the amended complaint permitted by the Court, his [ECF] privileges will be revoked." Dkt. No. 14; *see also* Dkt. No. 6 (giving Guy ECF privileges, but warning that they may be rescinded if misused).

On June 17, 2020, Guy filed an amended complaint. Dkt. No. 14. It appears to repeat much of the original complaint and adds a number of new allegations and defendants. The amended complaint is no clearer or intelligible than the original. Its claims are directed mainly to alleged constitutional violations under 42 U.S.C. § 1983. Additional claims are alleged under two criminal statutes, 18 U.S.C. § 1505 ("Obstruction of proceedings before departments, agencies, and committees") and 18 U.S.C. § 2520 (creating a civil cause of action for illegal wiretapping). *See generally id.* at 110-48.

Eight days after filing the amended complaint, Guy filed the pending motion. Dkt. No. 16. The motion suffers from the same intelligibility problems as the complaints, and raises issues about Guy's residency in a homeless shelter and a hotel room provided by the City and County of San Francisco that do not appear to be tied to anything in the amended complaint. *See* Dkt. Nos. 15, 16. The case was reassigned to this Court the day after Guy filed his motion, apparently because Guy declined to consent to magistrate judge jurisdiction. Dkt. No. 18.

**DISCUSSION**

A temporary restraining order ("TRO") enjoins conduct for up to for up to fourteen days pending a hearing on a preliminary injunction. *See* Fed. R. Civ. P. 65(b). The standards for issuing a TRO and a preliminary injunction are "substantially identical." *Stuhlbarg Int'l Sales Co. v. John D. Brushy & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to

2

suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  To show that he is likely to succeed on the merits, the plaintiff must make a "clear showing" that he is entitled to injunctive relief; demonstrating only a "possibility" of success is insufficient.  *Id.* at 22.

The pending TRO application is ex parte, and the Court may grant a TRO without notice to the affected adverse party if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b)(1).

The TRO and "show cause" requests are denied.  To the extent the amended complaint is comprehensible, it fails to state a plausible claim of any sort.  The Section 1983 allegations are directed against private actors without any facts to indicate that they were "acting under color of state law," which is an "essential proof requirement" for Section 1983.  *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988).  Guy has also not shown that he has any private right of action under 18 U.S.C. § 1505, which is a criminal statute.  *See, e.g.*, *Shavelson v. Kauai Police Dep't*, No. CIV. 15-00076 SOM, 2015 WL 1825299, at *2 (D. Haw. Apr. 22, 2015) (holding that there is "no private right of action under 18 U.S.C. § 1505"); *Faculty Members at Middle E. Sch. v. Donovan*, No. 15-CV-03974-BLF, 2016 WL 1535080, at *9 (N.D. Cal. Apr. 15, 2016) ("Title 18 [of the United States Code] does not provide a private right of action.").  As for the remaining claims, the conclusory and barely intelligible allegations of a conspiracy against him fall far short of a "clear showing" that he is entitled to injunctive relief; at most, they establish a mere "possibility" that he suffered a legally actionable wrong.

Consequently, there is no showing that Guy is entitled to a TRO on the merits.  The Court also notes that while Guy did attach to his motion a document listing interested parties, Dkt. No. 16-1, he did not explain what he did, if anything, to give notice to the defendants identified in his motion or why such notice should not be required.  Fed. R. Civ. P. 65(b)(1).  Even though Guy is proceeding pro se, he needs to follow the procedural rules.  *See Trivedi v. U.S. Dep't of Homeland*

3

*Sec.*, No. 16-CV-01122-JD, 2016 WL 10651086, at *2 (N.D. Cal. Nov. 21, 2016).  In addition, Guy asks for payment of damages, which is not appropriate for a TRO.  *See Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980) ("It is well established, however, that . . . monetary injury is not normally considered irreparable."  (citing *Sampson v. Murray*, 415 U.S. 61, 90 (1974)); *Winter*, 555 U.S. at 20.

The only remaining issue is whether Guy should be allowed to retain ECF filing privileges.  He has already abused them with multiple frivolous filings, and has been cautioned by a judge in this District that he might lose them.  As this order was being drafted, Guy filed a 30-page preliminary injunction motion, which effectively underscored his inability to respect Judge Kim's order.  The ECF privileges are terminated.  Guy may not file any more docket entries without the Court's prior approval.

**IT IS SO ORDERED**

Dated:  July 2, 2020

_____
JAMES DONATO
United States District Judge