1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7     KENNETH CARL GUY,                          Case No.  20-cv-01936-JD

8                 Plaintiff,
                                                 **ORDER DISMISSING COMPLAINT**
9            v.
                                                 Re: Dkt. Nos. 15, 19
10    DALTON PIZZUTI,

11                Defendant.

12

13          Pro se plaintiff Kenneth Carl Guy, who is proceeding in forma pauperis, has filed an

14    amended complaint alleging obstruction of justice, wire fraud, and constitutional claims against a

15    "polygraph examiner" and possibly a former employer.  Dkt. No. 15.  He has also applied for a

16    preliminary injunction and an order to show cause.  Dkt. No. 19.

17          The amended complaint is dismissed.  The Court may "at any time" dismiss an IFP

18    complaint that fails to state a claim on which relief may be granted, or that is "frivolous." 28

19    U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (this

20    statute "applies to all in forma pauperis complaints").  The standard for dismissal for failure to

21    state a claim is the same as under Federal Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*,

22    668 F.3d 1108, 1112 (9th Cir. 2012).  As a pro se plaintiff, Davis gets a liberal construction of his

23    complaint and the benefit of any doubts, but he still must satisfy the requirements of Rule 8 and

24    state facts sufficient to allege a plausible claim.  *Nguyen Gardner v. Chevron Capital Corp.*, No.

25    15-cv-01514-JD, 2015 WL 12976114, at *1 (N.D. Cal. Aug. 27, 2015).

26          Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the

27    claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This requires a

28    plaintiff to allege facts sufficient to plausibly state a claim for relief.  "A claim has facial

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

2  inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

3  678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

4      Even read liberally, the amended complaint does not satisfy these basic pleading standards.

5  It is an unfocused, and at many points unintelligible, assortment of allegations about "spyphone

6  software" used in connection with a racketeering organization's effort to prevent Guy from filing a

7  claim against his former employer, defendant Newsmax Media Inc., with the Equal Employment

8  Opportunity Commission, and obtaining new employment.  Uber Technologies, the rideshare

9  company, is also mentioned as an alleged co-conspirator, although it does not appear that Guy was

10  anything other than an Uber user.  The incomprehensibility of the complaint is exacerbated by its

11  extreme length -- more than 150 pages -- and inclusion of approximately 500 pages of exhibits.

12  Overall, the amended complaint does not reasonably or fairly apprise defendants of the claims that

13  they might be called upon to answer, or provide an understandable statement of a case.

14      While that is enough to dismiss the amended complaint, *see Twombly*, 550 U.S. at 556-57,

15  the Court also notes that Guy purports to allege a claim under 42 U.S.C. § 1983 against private

16  actors without any facts to indicate that they were "acting under color of state law" or otherwise

17  within the purview of that statute.  *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988).  Guy

18  also does not have a private right of action under 18 U.S.C. § 1505, which is a criminal statute.

19  *See Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979).

20      Consequently, the amended complaint is dismissed for failing to state a plausible claim,

21  and the application for a preliminary injunction or order to show cause is terminated.  Many of the

22  problems with the amended complaint were previously identified by Magistrate Judge Sallie Kim

23  in her order dismissing Guy's original complaint.  Dkt. No. 11.  Judge Kim expressly directed Guy

24  to "address and correct" the deficiencies in his original complaint in the event that he filed an

25  amended complaint.  *Id.* at 1, 3.  The fact that Guy did not do so counsels against offering him

26  another chance to amend.  Additionally, the Court recently terminated Guy's ECF privileges for

27  "multiple frivolous filings," and required Guy to seek the Court's approval before filing any more

28  docket entries.  Dkt. No. 20 at 4.  As the Court was finalizing this order, Guy submitted another

amended complaint that asserts substantially the same facts as the previous two complaints.  It similarly fails to state a plausible claim due to its intelligibility problems and reliance on conclusory allegations of conspiracy, among other problems.  Granting Guy a further opportunity to amend at this point would serve no meaningful purpose, and so the case is dismissed and ordered closed.  No further filings are permitted without the Court's prior consent.

   **IT IS SO ORDERED.**

Dated:  February 12, 2021

_____
JAMES DONATO
United States District Judge